Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2654 | **DATE** | 7/6/2000 |
| **CASE TITLE** | Thomas, et al. vs. Klinkhamer, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs; Motion to Remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion to remand [16-1] is granted. Motions [20-1] and [31-1] are terminated as moot. The court remands this case to the Circuit Court of Kane County.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 1 2 2000 date docketed | |
| X | Docketing to mail notices. | | | 35 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DONALD THOMAS, CRAIG BAHE, )
BRAD GRIFFIN, BRAD FERGUSON )
and JEANNE ABRAMS, )
 )
      Plaintiffs, ) 00 C 2654
v. )
 ) Judge George W. Lindberg
SUE KLINKHAMER, individually and as )
Mayor of the City of St. Charles, DAN )
KLINKHAMER, DONALD SHAW, )
LARRY MAHOLLAND, individually and )
as agents and employees of the City of St. )
Charles, THE CITY OF ST. CHARLES )
and THE BOARD OF FIRE AND POLICE )
COMMISSIONERS FOR THE CITY OF )
ST. CHARLES, )
 )
      Defendants. )

## MEMORANDUM OPINION AN ORDER

Plaintiffs filed a motion to remand this case to the Circuit Court of Kane County. For the reasons set forth below, plaintiffs' motion is granted.

## BACKGROUND

Donald Thomas, Craig Bahe, Brad Griffin, Brad Ferguson and Jeanne Abrams (hereinafter "plaintiffs") filed a complaint against Sue Klinkhamer (Mayor of St. Charles), Dan Klinkhamer, Donald Shaw, Larry Maholland (agents and employees of St. Charles), the City of St. Charles and the Board of Fire and Police Commissioners for the city of St. Charles (hereinafter "the Board") alleging violations of the First and Fourteenth Amendments of the Constitution of the United States, Sections 1983 and 1985 of the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, the provisions of Article XI of the Illinois Code of Civil Procedure, 735 ILCS 5/11-101, and the common law of the State of Illinois.

35

Defendants Sue Klinkhamer, Dan Klinkhamer, Donald Shaw, Larry Maholland and the City of St. Charles claim that on May 1, 2000, they all received a copy of the complaint. On May 2, 2000, the Board was served with summons and a copy of the plaintiffs' complaint. The Board contends that although the process server was directed to serve "James Urhausen for the Board of Fire and Police Commissioners for the City of St. Charles," the return reflects that while service was made at Urhausen's place of business, the Urhausen Group, it was not made directly on James Urhausen but rather on Pat Dahl, Urhausen's assistant. Dahl did give Urhausen the summons and complaint at 2:30 p.m. on May 2, 2000. Urhausen's affidavit attests to the fact that he received a copy of the summons and complaint from Dahl, and establishes that he had never delegated authority to Dahl to accept service of summons on his behalf as President of or as a member of the St. Charles Board of Fire and Police Commissioners.

On May 2, 2000, the defendants who received the summons on May 1, 2000, filed a removal petition with the court pursuant to 28 U.S.C. § 1446. The Board did not join in the petition. Neither the petition nor any of its exhibits explain the absence of the Board's joinder to the petition, or whether or not the Board had been contacted to attempt to obtain its consent to removal.

On June 1, 2000, the 30th day following plaintiffs' service upon the Board, they filed a motion for remand pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION – SERVICE OF PROCESS

When a plaintiff files a complaint in state court, a defendant has 30 days to file a petition to remove the case to federal court pursuant to 28 U.S.C. § 1446. The Board argues that it did not receive proper service, and that the 30-day period should begin when service is corrected. Defendants argue that plaintiffs did not properly serve the Board when service was had on the Urhausen's personal assistant at his place of business, and that the statutory 30-day period for filing a removal petition commences when a defendant is served in conformity with state statutory requirements. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 536 U.S. 344 (1999). In Murphy Bros., the defendant received a "courtesy copy" of the complaint via fax on January 26. On February 12, the plaintiff properly served the complaint and summons upon the defendant. The Supreme Court held that the 30-day period for removal began when the defendant was properly served and not when the defendant received a copy of the complaint. Id. Therefore, defendants argue that the 30-day period should begin when defendants appeared before the court on May 16.

First, it appears that the Board has waived any objection to service of process. According to both 735 ILCS 5/2-301 and Fed.R.Civ.P. 12(h)(1), any contention that service of process was insufficient must be raised in connection with the initial motions filed by defendant with the exception of a motion for extension of time. In this instance, the Board has filed, at a minimum, an answer to the complaint (June 12) and a motion to abstain on Count 10 (June 1), and has made a general appearance before the court (May 16). Nowhere in these documents, or during the

appearance in court, did defendant contest service of process or bring a motion to quash service. Therefore, it appears that the Board has waived its right to object to the sufficiency of service of process. Furthermore, the Board in its "Acceptance of Removal by the Board of Fire and Police Commissioners for the City of St. Charles" states "Defendant, the BOARD OF FIRE AND POLICE COMMISSIONERS FOR THE CITY OF ST. CHARLES ("Board") was served on May 2, 2000."

In addition, contrary to defendants' argument, the statutory period begins to run when the first defendant was served with the complaint and not when the final defendant is served. While it is true that the time for removal does not begin to run until proper service is had, the case cited by defendants deals with one defendant as opposed to multiple defendants. Murphy Bros., 536 U.S. 344. In this instance, multiple defendants were served and §1446 "clearly requires that consent to removal be communicated within 30 days of the date in which the first defendant was served." Marco Island Limited Partnership v. Wallace Assoc. Consulting Group, Inc., 1992 WL 59111, *2 (N.D. Ill.). Even assuming that the Board was served on May 16, as defendants argue, the Board had 30 days to consent from the time the first defendant was served with the complaint. The plaintiffs served the first defendants on May 1; therefore, the Board's June 5th consent was not made in a timely fashion as required by §1446.

## DISCUSSION – BOARD'S APPEARANCE

The next question is whether the court should consider the Board's general appearance on May 16, 2000, as consent to the removal petition filed by the five other defendants. When the Board appeared before the court, it did not object to the removal petition but did not explicitly consent to removal either. It did not file a written consent to removal until June 5, 2000.

As a general rule, all defendants must join in a removal petition to successfully effect removal. Northern Illinois Gas Company v. Airco Industrial Gases, 676 F.2d 270, 272 (7th Cir. 1982); Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447 (N.D.Ill. 1985). A petition is considered defective if it fails to explain why a defendant who has not joined in the petition has not consented to removal. Northern Ill. Gas Co., 676 F.2d at 273. This court has previously stated that although "it is not necessary that all defendants sign the notice of removal, this does require that each defendant who has been served must at least communicate his or her consent to the court within 30 days after his or her receipt of the initial pleading containing the removable claim." Martin v. Harshbarger, 1994 WL 86020, *2 (N.D. Ill. 1994). Furthermore, the court stated that this communication must be written. Id. (citing Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 508 (E.D. Va. 1992)); Sircher v. City of Chicago, 1997 WL 613278 (N.D. Ill. 1997); Marco Island, WL 59111 at *2.

It appears that most case law calls for a strict application to §1446. Therefore, the Board's appearance before the court on May 16, 2000, does not constitute consent to removal on the Board's behalf. Section 1446 requires written consent on the defendants' behalf.

## DISCUSSION – EXCEPTIONS TO 1446

Courts have created some exceptions to the strict application of § 1446, which state that no consent is required from nominal or fraudulently joined defendants, and a defendant need not consent to a removal petition if the petition is filed before defendant receives a complaint.

In Shaw v. Dow Brands, only one of four defendants filed a petition for removal with the district court and the plaintiff filed a motion for remand. 994 F.2d 364 (7th Cir. 1993). The removing defendant provided no explanation why the other defendants did not consent to removal. The court in Shaw raised the question of whether the petition for removal was so defective as to be incurable, holding that (1) one of the missing defendants need not have signed the removal petition in that it was served almost a month after the removal petition was filed, (2) nominal parties need not join in removal, and (3) dismissed parties need not consent to removal. Shaw, 994 F.2d at 369.

In this instance, the removing defendants failure to explain the absence of the Board in the removal petition created a defective removal petition. Furthermore, even if removing defendants filed the removal petition before the Board received the complaint, the Board was still required to join the removal petition within 30 days of May 1, the day the first defendant was served. Marco Island, 59111 at *2. Because it did not do so, the defendants did not cure the defective petition within the 30-day period. The Board could have cured this defect with a timely consent within 30 days of service but failed to do so.

-6-

As noted above, nominal parties need not consent to or join in a removal petition. Shaw, 994 F.2d at 369. A defendant is nominal if there is no basis for predicting that it will be held liable. Id. Defendants argue that the Board is a nominal party in that this court cannot give relief to the plaintiffs because a pending state court action requires federal court abstention based on the three factors presented in Younger v. Harris, 401 U.S. 37 (1971). However, the court has not yet ruled on the Board's motion to abstain, and the determination of whether a party is nominal does not hinge on the merits of the case. Rather a defendant is nominal when it is disinterested in the suit, and is named only in a subordinate or possessory capacity. SEC v. Charif, 933 F.2d 403, 414 (7th Cir. 1991). In this instance, plaintiffs have brought an action against the Board and seek declaratory judgment. Unlike the nominal defendant in Shaw (the parent company of the true defendant), the plaintiffs seek specific relief against the Board. The fact that this court might abstain on the count brought against the Board while the state action is pending does not make the Board a nominal party. Therefore, it appears that the Board is a necessary party to this action whose consent was required for a proper removal.

Courts tend to be lenient towards defects in removal petitions but strictly apply the 30-day requirement set forth in §1446. In this instance, the defendants filed a defective removal petition in that it failed to state reasons for the absence of the Board's consent. The defendants could have easily cured this defect by stating to the court in writing that the missing parties consent to jurisdiction. They failed to do so and the court must grant plaintiffs' motion to remand.

## CONCLUSION

Defendants did not comply with the requirements of §1446 in that the Board failed to consent to the removal petition in a timely fashion.

**ORDERED:** The court grants the plaintiffs' motion and remands this case to the Circuit Court of Kane County.

**ENTER:**

George W. Lindberg
United States District Judge

DATED: JUL 1 0 2000